UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
NOV 15 2013

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| TODD RONALD BRIM, | CIV. 13-4131 |
| Petitioner, | |
| -vs- | ORDER |
| DARRIN YOUNG, Warden, and MARTY JACKLEY, Attorney General, | |
| Respondents. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner, Todd Ronald Brim, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner challenges his 2009 conviction in Minnehaha County, South Dakota. Petitioner was convicted by a jury and the trial court sentenced Petitioner to a total of 325 years in prison for 10 counts of Second Degree Rape (25 years on each count to be served consecutively) and 5 counts of Sexual Contact with a Child Under 16 (10 years on each count to be served consecutively). Petitioner's conviction was affirmed on appeal by the South Dakota Supreme Court on September 15, 2010. *See State v. Brim*, 789 N.W.2d 80 (S.D. 2010). In 2011, Petitioner filed a state habeas petition which was denied, on August 23, 2012 (Doc. 1, p. 10).

Petitioner's instant federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* By Supreme

Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. *Id.*, Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.*; § 2244(d)(2). *See generally, Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's]...state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

The Court may raise the statute of limitations issue *sua sponte*. *Day v. McDonough*, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006). The Court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." *Id.* Further, the Court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." *Id.* Accordingly, the Court will order the parties to show cause why his federal petition should not be dismissed as untimely.

## **CONCLUSION AND ORDER**

Accordingly, it is hereby

ORDERED that:

(1) The Clerk of Court is directed to serve a copy of the petition and this Order upon Respondents;

(2) On or before January 2, 2014, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Petitioner's federal habeas petition,

filed November 13, 2013, should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

Dated this 15 day of November, 2013.

                BY THE COURT:

                _____
                John E. Simko
                United States Magistrate Judge